UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL MUTHEE MUNYWE,

        Plaintiff,

v.

SCOTT R. PETERS, *et al.*,

        Defendants.

CASE NO. 3:21-cv-05431-BJR-JRC

ORDER FOR SECOND AMENDED COMPLAINT

    Plaintiff filed a complaint under 42 U.S.C. § 1983. Dkt. 7. On November 24, 2021, because the complaint was deficient in several respects, this Court ordered plaintiff to file an amended complaint. Dkt. 52.

    Plaintiff has filed his second amended complaint. Dkt. 53. However, it does not comply with this Court's order to amend.

    The order to amend provided that plaintiff must file the amended complaint on the § 1983 form and that, if he required additional space, he must submit no more than 5 continuation

1    sheets. Dkt. 52 at 19. Although plaintiff filed the amended complaint on the § 1983 form, he

2    submitted 19 continuation sheets (excluding the sheets listing his defendants).

3          Furthermore, the order to amend provided that plaintiff must not unjustifiably expand

4    "the scope of the case by alleging new unrelated claims or parties in the amended complaint." *Id.*

5    at 20 (citation omitted). However, in Count I of the amended complaint, plaintiff alleges a new

6    ground for relief. Plaintiff alleges that defendant Peters ordered him to be handcuffed and taken

7    to "an ice box and . . . retrained in [a] cement block" to compel him to allow "a doctor to draw

8    blood from [him]." Dkt. 53 at 8–9. Also, plaintiff asserts these new claims against new

9    defendants Mary Robnett, Pierce County Prosecutor's Office, and Pierce County. *Id.* at 11–12.

10         The amended complaint is deficient for other reasons. In Counts II thorough V, plaintiff

11   repeats one of the complaint's two main allegations, namely, that "certain defendants conspired

12   to falsify evidence and suppress exculpatory DNA evidence." Dkt. 52 at 1; *see also* Dkt. 53 at

13   14–22. In its order to amend, this Court explained why these claims were not viable. Therefore,

14   plaintiff should not have repleaded them in his amended complaint. Likewise, plaintiff repleaded

15   his allegations that certain defendants violated the First Amendment and the Religious Land Use

16   and Institutionalized Persons Act of 2000 ("RLUIPA") by "collecting evidence from him and

17   photographing him while he was nude [in the presence of women]." Dkt. 52 at 14; *see also* Dkt.

18   53 at 24–26. Because these claims were not viable, plaintiff should not have repleaded them in

19   his amended complaint. Plaintiff's labeling of these claims as Fourth, Fifth, and Fourteenth

20   Amendment violations does not change this determination; plaintiff has simply mislabeled them.

21   Similarly, in his prayer for relief, plaintiff seeks injunctive and declaratory relief that this Court

22   cannot grant here. Dkt. 53 at 27–30; *see also* Dkt. 52 at 10–12 (explaining that this Court could

23   not grant this relief here because of *Younger* and *Heck*). As indicated in the order to amend,

24

plaintiff must not replead any of these claims or requests for injunctive and declaratory relief in the second amended complaint.

Accordingly, this Court **ORDERS** as follows:

1. On or before **January 24, 2022**, plaintiff must file a second amended complaint that cures the deficiencies identified in this order.

2. As explained above, *supra* p. 2, plaintiff must not replead any claims or requests for relief that this Court has determined to lack viability.

3. The second amended complaint must be filed on this District's § 1983 form, legibly written or retyped in its entirety, and filled out completely. Furthermore, the amended complaint must contain case number 3:21-cv-05431-BJR-JRC. If plaintiff requires additional space to allege his claims, he may submit **no more than five (5) continuation sheets**. Any continuation sheet, whether handwritten or typewritten, must comply with this District's Local Rules governing form of filings, including rules governing text size, margin size, and line spacing. *See* Local Rule 10(d)–(e).

4. The second amended complaint will act as a complete substitute for the complaint; this Court will address only the claims alleged in it. This Court recognizes that, in his original complaint, plaintiff sufficiently pleaded violations of the Fourth, Fifth, and Fourteenth Amendments. *See* Dkt. 52 at 15–17. However, because the second amended complaint will act as a complete substitute for prior complaints, **plaintiff must replead these claims and the facts supporting them in the second amended complaint**. **If he does not, this Court will not permit him to proceed on these claims**.

5. The second amended complaint must not incorporate by reference any part of any prior complaint. Likewise, the second amended complaint must not incorporate arguments or text

1 | from any other documents, including any exhibits. However, plaintiff may, if he wishes, submit

2 | any exhibit necessary to support the second amended complaint's allegations.

3 |       6.    Plaintiff **must not unjustifiably expand the scope of the case by alleging new unrelated claims or parties in the amended complaint**. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Therefore, for instance, plaintiff must not replead his new claim that defendant Peters (and new defendants Mary Robnett, Pierce County Prosecutor's Office, and Pierce County) violated his constitutional rights by trying to compel him to allow a doctor draw his blood. *See supra* p. 2.

      7.    If Plaintiff fails to timely file an amended complaint, or if he otherwise fails to comply with this order, **this Court will recommend dismissal of this case.**

The Clerk is directed to **SEND** Plaintiff the appropriate forms for filing a § 1983 action, a copy of this order, and a copy of its order to amend (Dkt. 52).

Dated this 23rd day of December, 2021.

J. Richard Creatura
Chief United States Magistrate Judge