Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL MUTHEE MUNYWE,

Plaintiff,

v.

SCOTT R. PETERS, et al.,

Defendants.

No.: 21-cv-5431-BJR

ORDER ADOPTING REPORT AND
RECOMMENDATION

## I.     INTRODUCTION

Plaintiff Michael Munywe brought this § 1983 action against various King County law enforcement officials and agencies alleging that Defendants violated his constitutional rights during his pretrial detention and by mishandling evidence.  Magistrate Judge J. Richard Creatura issued a Report and Recommendation ("R&R") recommending *sua sponte* dismissal of certain claims and defendants.  Having reviewed the R&R, Plaintiff's opposition thereto, and the relevant legal authority, the Court finds and rules as follows.

1

## II.    BACKGROUND

The Report and Recommendation provides a thorough recitation of the underlying facts of this case, which need not all be repeated.  Dkt. 58; *see also* Dkt. 52.  In brief summary, Plaintiff was detained on the evening of November 21, 2018 on suspicion of sexual assault of a minor and ultimately convicted of second-degree rape and unlawful imprisonment.  Dkt. 58 at 2.  Plaintiff appealed, and the Washington Court of Appeals affirmed his conviction and sentence but has yet to issue a mandate.  *Id.* at 2-3.

Plaintiff filed this § 1983 action on June 9, 2021.  Dkt. 1.  His initial complaint alleged that: "(1) certain defendants conspired to falsify evidence and suppress exculpatory DNA evidence in violation of his federal rights; and (2) other defendants violated his federal rights when they conducted a cross-gender search of plaintiff while he was nude.  Plaintiff sought declaratory relief, injunctive relief, and damages."  Dkt. 58 at 3.

Following a motion to dismiss certain claims filed by some of the defendants, Magistrate Judge Creatura screened the entire complaint pursuant to 28 U.S.C. § 1915A(a).  Magistrate Judge Creatura determined that many of Plaintiff's claims were deficient, ordered him to amend his complaint, and provided detailed instructions on how to do so.  Dkt. 52.  Plaintiff filed an amended complaint but did not follow instructions.  In an order directing Plaintiff to file a second amended complaint, Magistrate Judge Creatura noted that the first order to amend had instructed Plaintiff to attach no more than five continuation sheets to his complaint.  Dkt. 54 at 1.  Plaintiff had instead attached 19 continuation sheets.  The first order to amend had also instructed Plaintiff to "not unjustifiably expand 'the scope of the case by alleging new unrelated claims or parties in the amended complaint.'"  *Id.* at 2 (quoting Dkt. 52).

In his second order to amend, Magistrate Judge Creatura detailed the ways in which Plaintiff had not complied with that instruction.  *Id.* at 3-4.

Plaintiff filed a second amended complaint that attached 17 continuation pages and was substantively similar to his first amended complaint.  Dkt. 56.  On January 24, 2022, Magistrate Judge Creatura issued the R&R recommending *sua sponte* dismissal of certain claims.  Plaintiff filed objections on February 2, 2022.

## III.    DISCUSSION

### A.  Count I

In Count I, Plaintiff alleges that several defendants mistreated him during his pretrial detention.  Dkt. 56 at PDF 7.  The R&R recommends dismissal of Count I as a sanction for repeatedly failing to comply with Magistrate Judge Creatura's orders.  Dkt. 58 at 9-11.  The R&R notes that Plaintiff twice disregarded Magistrate Judge Creatura's explicit instructions that Plaintiff attach no more than five continuation pages to his amended complaint.  *Id.* at 9-10.  Plaintiff attached 19 and 17 continuation pages to his first and second amended complaints, respectively.  Dkts. 53, 56.  In his objections, Plaintiff argues that he complied with Magistrate Judge Creatura's instructions because he filed no more than five continuation pages *per claim*.  Dkt. 60 at 8.  This is not a good faith interpretation of the order directing Plaintiff to file a second amended complaint.  The order specifically noted that Plaintiff attached 19 continuation pages to his first amended complaint instead of five, resolving any potential ambiguity in the first order.  Dkt. 54 at 1-2.

The R&R also notes that, despite Magistrate Judge Creatura's warning Plaintiff not to expand the scope of the case in his amended complaint, Plaintiff "twice raised the new,

unrelated claim that defendant Peters orchestrated his mistreatment while in pretrial detention .

. . which he asserted against new defendants." Dkt. 58 at 7, 10.  According to the R&R,

"[t]here is no meaningful factual connection between these new allegations and those in the

complaint." *Id.* at 10.  Plaintiff responds that there is in fact a connection, because the alleged

conduct occurred at the same place and time and involved the same defendants.  Dkt. 60 at 9.

However, the new claim nevertheless alleges entirely different conduct, and Plaintiff's

representation that it involves the same defendants is false.  *See* Dkt. 58 at 10.  More

importantly, Magistrate Judge Creatura's second order to amend explicitly told Plaintiff to drop

these new allegations, but Plaintiff included them anyway.  Dkt. 54 at 3-4.

The Court will adopt the R&R's recommendation and dismiss Count I.  Plaintiff was

given multiple opportunities to correct specific deficiencies in his complaint, and he was

warned that failing to do so would result in Magistrate Judge Creatura's recommending

dismissal of the case.  As the R&R notes, dismissing only Count I is a more lenient sanction

than the Court would be justified in imposing.  *Id.* at 9, 11.  Count I is dismissed without

prejudice but without leave to amend.  *See id.* at 11.

**B.  Counts II & III**

Counts II and III allege Defendants conspired to falsify and suppress exculpatory DNA

evidence at Plaintiff's trial.  Dkt. 56 at PDF 14.  The R&R recommends dismissal of these

claims because they are barred by *Heck* and the Court should abstain under *Younger*.  *Heck*

held that "in a § 1983 suit, the district court must consider whether a judgment in favor of the

plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the

complaint must be dismissed." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).  Under *Younger*,

a district court must abstain from considering claims for declaratory and injunctive relief that would interfere with an ongoing direct appeal in state court. *Younger v. Harris*, 401 U.S. 37 (1971).

As to *Heck*, Plaintiff argues that, "[b]ecause of doctrines like independent source, inevitable discovery, and especially harmless error," that Counts II and III, if successful, would not necessarily invalidate his conviction. Dkt. 60 at 13. As to *Younger*, Plaintiff argues that "Defendants failed to explain to the Court how a resolution of Plaintiff's section 1983 claim in this Court would impact a state court proceeding." *Id.* at 12.

Magistrate Judge Creatura determined that the Court should abstain from considering Counts II and III under *Younger* because Plaintiff's state appeal was ongoing. Dkt. 54 at 9-10. However, the Washington Court of Appeals issued a mandate on June 14, 2022, and it appears Plaintiff's appeal has concluded. *See Munywe v. State*, Case No. 54681-7-II. Therefore, the Court need not abstain under *Younger*.

Magistrate Judge Creatura correctly determined that Counts II and III would require Plaintiff to prove the invalidity of his conviction, and thus are barred by *Heck*. Dkt. 58 at 4. Plaintiff's allegation that some defendants fabricated and suppressed evidence, if proved, would necessarily invalidate his conviction. Plaintiff attempts to invoke the doctrines of independent source, inevitable discovery, and harmless error to argue that his allegations would not necessarily overturn his conviction, but he does not plausibly allege that any of these doctrines could apply in this case. Simply reciting the names of doctrines is not enough to avoid the *Heck* bar.

## C.  Count IV

The R&R recommends that Plaintiff be allowed to proceed with his Fourth, Fifth, and Fourteenth Amendment damages claims in Count IV.  Plaintiff does not object to this aspect of the R&R, and the Court finds no error in Magistrate Judge Creatura's analysis.  *See* Dkt. 58 at 12; Dkt. 52 at 4-6.  Plaintiff may proceed with his Fourth, Fifth, and Fourteenth Amendment claims against defendants Muse, Dier, and Ramos and his Fourth Amendment claim against defendant City of Tacoma.

## D.  Dismissal of Defendants

Defendants Robnett, Pierce County Prosecutor's Office, and Pierce County are named only in Count I.  Because the Court has dismissed Count I, these defendants are dismissed.  Likewise, defendants Peters and Hayden are named in Counts I, II, and III.  Because the Court has dismissed these claims, these defendants are dismissed.

The R&R recommends that the Tacoma Police Department, named in Count IV of Plaintiff's complaint, be dismissed because it is not a proper defendant in a § 1983 action.  Dkt. 58 at 13.  Plaintiff does not substantively object to this recommendation, and the Court finds that Magistrate Judge Creatura correctly applied the relevant case law.  *Id.* (citing *Johnson v. United States*, No. C21-5225-RJB, 2021 WL 3109767, at *3 (W.D. Wash. July 22, 2021)); *see also* Dkt. 60 at 16.  The Tacoma Police Department is dismissed.

The R&R recommends that Plaintiff be allowed to pursue his Fourth Amendment claim against the City of Tacoma, but that his Fifth and Fourteenth Amendment claims against the City of Tacoma should be dismissed.  Magistrate Judge Creatura noted that Plaintiff alleges the City of Tacoma had a "policy and/or custom that 'emboldened' defendants Muse, Dier, and

Ramos to conduct their cross-gender search." Dkt. 58 at 13.  This supports his Fourth

Amendment claim, but Plaintiff makes no similar allegations of a policy or custom going to his

Fifth and Fourteenth Amendment claims.  Plaintiff does not substantively object to this

analysis, and the Court finds that Plaintiff has not sufficiently alleged a Fifth or Fourteenth

Amendment claim against the City of Tacoma.  *See* Dkt. 60 at 16.

### IV.   CONCLUSION

For the foregoing reasons:

(1) The Court adopts the Report and Recommendation;

(2) Counts I, II, and III of Plaintiff's complaint are dismissed without prejudice;

(3) Defendants Robnett, Pierce County Prosecutor's Office, Pierce County, Hayden, and

Peters are dismissed from this action;

(4) Plaintiff's Fifth and Fourteenth Amendment claims against the City of Tacoma are

dismissed;

(5) The Clerk is directed to send copies of this order to Plaintiff, counsel for

Defendants, and to the Hon. J. Richard Creatura.

DATED this 27th day of July, 2022.

BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE

7