UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL M. MUNYWE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SCOTT R. PETERS, *et al.*,<br><br>　　　　Defendants. | CASE NO. 3:21-cv-05431-BJR-JRC<br><br>ORDER TO STAY THE CASE |

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to Chief United States Magistrate Judge J. Richard Creatura. Presently pending before the Court are defendants' motions for summary judgment (Dkts. 63, 71) which are noted for August 19, 2022 (*see* Dkt. 90).

On July 27, 2022, the District Court issued an Order adopting this Court's Report and Recommendation ("R&R") recommending *sua sponte* dismissal of certain claims and defendants. Dkt. 92. On July 29, 2022, plaintiff filed a Notice of Appeal, appealing the District Court's Order. Dkt. 93. Plaintiff's appeal is currently pending before the Ninth Circuit. *See* Dkt. 94; Ninth Circuit Case No. 22-35598. Because the Ninth Circuit's ruling on this interlocutory

ORDER TO STAY THE CASE - 1

appeal could impact the Court's disposition of the pending proceedings, the Court directs that this entire matter be stayed pending resolution of plaintiff's appeal currently before the Ninth Circuit.

While the filing of an interlocutory appeal does not automatically stay proceedings in the district court, the district court has broad discretion to decide whether a stay is appropriate to "promote economy of time and effort for itself, for counsel, and for litigants." *Filtrol Corp. v. Kelleher,* 467 F.2d 242, 244 (9th Cir. 1972) (quotations and citations omitted); *see Clinton v. Jones,* 520 U.S. 681, 706–07 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Mediterranean Enterprises, Inc. v. Ssangyong Corp.,* 708 F.2d 1458, 1465 (9th Cir. 1983); *Leyva v. Certified Grocers of California Ltd.,* 593 F.2d 857, 863–64 (9th Cir.1979); *Ass'n of Irritated Residents v. Fred Schakel Dairy*, 634 F. Supp. 2d 1081, 1094 (E.D. Cal. 2008); *Jenkins v. Vail,* No. CV-08-5075-CI, 2009 WL 3415902, at *1 (E.D. Wash. Oct. 21, 2009) (staying motion for summary judgment pending Court of Appeals ruling on order denying motion for temporary restraining order).

Here, several of the arguments raised in defendants' motions for summary judgment are addressed by the Court in its R&R which has now been adopted by the District Court. The Ninth Circuit's ruling on the interlocutory appeal may impact the Court's disposition of these pending motions. Therefore, waiting until the issues on appeal are decided will avoid unnecessary litigation and provide direction to this Court. *See Jenkins*, 2009 WL 3415902 at *1. The Court finds a stay of the entire matter pending the Ninth Circuit's decision could serve the interests of

ORDER TO STAY THE CASE - 2

fairness and "promote economy of time and effort" for the Court and the parties. *Kelleher*, 467 F.2d at 244.

Accordingly, the Court orders this entire matter be stayed pending resolution of plaintiff's appeal currently before the Ninth Circuit. While this matter is stayed, motions will not be considered by the Court. Therefore, the parties are directed to refrain from filing motions with the Court until the stay is lifted. Any motion that is filed during the stay will be denied as moot.

The Clerk of Court is directed to terminate all pending noting dates. *See* Dkts. 63, 71, 83, 86, 91. When the stay is lifted, the Court will re-note the motions for summary judgment (Dkts. 63, 71), as well as the other outstanding motions filed in this matter (Dkts. 83, 86, 91).

Dated this 3rd day of August, 2022.

J. Richard Creatura
Chief United States Magistrate Judge