UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL M. MUNYWE,

           Plaintiff,

   v.

JULIE DIER, *et al.*,

           Defendants.

CASE NO. 3:21-cv-05431-BJR-JRC

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

    This matter is before the Court on plaintiff's motion for appointment of counsel. Dkt. 91. After reviewing the relevant record, the Court finds that there are no exceptional circumstances that require the appointment of counsel at this time and denies the motion without prejudice.

    There is no constitutional right to appointed counsel in a § 1983 civil action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28

U.S.C. § 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

In his motion, plaintiff argues he needs counsel because his case, which involves over eight defendants and six attorneys representing those defendants, is complex. Dkt. 91. The Court has reviewed plaintiff's second amended complaint and the factual and legal issues do not appear to be exceptionally complex. *See* Dkt. 56. Plaintiff alleges that various King County law enforcement officials and agencies violated his constitutional rights during his pretrial detention and by mishandling evidence. *See id*. The balance of reasons cited by plaintiff in the instant motion are issues common to other *pro se* litigants and are not exceptional. Therefore, they do not warrant the appointment of counsel. *See Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020) (denying appointment of counsel because plaintiff's "circumstances were not exceptionally different from the majority of the challenges faced by *pro se* litigants) (citations omitted). The law dictates that plaintiff's stated conditions, alone, do not compel this Court to appoint counsel without charge at this time.

Further, at this stage, a likelihood of success on the merits is not yet apparent in this matter. Defendants have filed motions for summary judgment (Dkts. 63, 71), and plaintiff has responded to those motions (Dkts. 84, 85). In his responses, plaintiff cites case law and provides

1  multiple arguments in favor and in opposition. *See* Dkts. 84, 85. Clearly, plaintiff's claims and
2  arguments in opposition to summary judgment are not so complex that he cannot articulate them
3  *pro se*. In short, plaintiff does not show the exceptional circumstances warranting the
4  appointment of counsel on his behalf.
5       Therefore, plaintiff's request for the appointment of counsel (Dkt. 91) is denied without
6  prejudice, meaning that plaintiff may renew the motion at a later date upon a showing of
7  exceptional circumstances.
8       Dated this 26th day of September, 2022.

                                        J. Richard Creatura
                                        Chief United States Magistrate Judge