1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

9

10   MICHAEL M. MUNYWE,

11                Plaintiff,                          CASE NO. 3:21-cv-05431-BJR-JRC

12        v.                                          ORDER GRANTING PLAINTIFF'S
                                                      MOTION
13   SCOTT R. PETERS, *et al.*,

14                Defendants.

15

16        This matter is before the Court on referral from the District Court. Pending before the

17   Court is plaintiff's "motion and declaration for sanctions and denial of summary to City

18   defendants for misleading Court by sending blank CDs to plaintiff two times" ("motion for

19   denial of summary judgment"). Dkt. 86. Upon review, and in the absence of any response from

20   defendants to this motion, the Court construes this as a motion to defer consideration of the

21   motion for summary judgment under Federal Rule of Civil Procedure 56(d), and the Court grants

22   plaintiff's motion.

23

24

ORDER GRANTING PLAINTIFF'S MOTION - 1

**BACKGROUND**

Plaintiff, proceeding *pro se* and *in forma pauperis* ("IFP"), brought this action under 42 U.S.C. § 1983 alleging various King County law enforcement officials and agencies violated his constitutional rights while he was detained on November 22, 2018, on suspicion of sexual assault of a minor. *See* Dkt. 56. After the District Court dismissed certain defendants and several claims, the case is currently proceeding with certain other defendants and several other claims that defendants violated his constitutional rights when they conducted a cross-gender search of him while he was nude. *See* Dkt. 92. On May 9, 2022, City defendants filed a motion for summary judgment arguing that plaintiff has not alleged a viable claim and cannot show a constitutional violation occurred during the search. Dkts. 63, 71. On July 13, 2022, plaintiff filed the motion for denial of summary judgment, claiming that, since filing their motion for summary judgment, City defendants have twice deliberately sent him blank CD/DVDs, which should contain the entire investigative interview from November 22, 2018, at issue in this case. The Court liberally construes plaintiff's motion as a motion for relief under Federal Rule of Civil Procedure 56(d), because of an outstanding discovery issue. *See* Dkt. 86. City defendants have not responded to plaintiff's motion. The motion for summary judgment was currently noted for consideration on September 23, 2022. *See* Dkt. 99.

**DISCUSSION**

Under Federal Rule of Civil Procedure 56(d), a nonmovant may avoid summary judgment "when they have not had sufficient time to develop affirmative evidence." *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002). To do so, the party must set forth in an affidavit or declaration: (1) "specific facts it hopes to elicit from further discovery," (2) that "the facts sought exist," and (3) that "the sought-after facts are essential to

1    oppose summary judgment." *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*,

2    525 F.3d 822, 827 (9th Cir. 2008). "Failure to comply with these requirements is a proper ground

3    for denying discovery and proceeding to summary judgment." *Id.* (internal quotation marks

4    omitted). However, Rule 56(d) relief is generously granted where a summary judgment motion is

5    filed "before a party has had any realistic opportunity to pursue discovery relating to its theory of

6    the case." *Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of the Fort Peck Rsrv.*,

7    323 F.3d 767, 773–74 (9th Cir. 2003). Unless the nonmovant has failed to diligently pursue

8    discovery, such relief "should be granted 'almost as a matter of course.'" *Id.* (quoting *Wichita*

9    *Falls Office Ass'n v. Banc One Corp.*, 978 F.2d 915, 919 n.4 (5th Cir. 1992)).

10          Here, in connection with their motion for summary judgment, City defendants submitted

11   a CD/DVD disk containing the entire video-recorded interview of plaintiff by Tacoma police

12   detectives on November 22, 2018. *See* Dkt. 69. A CD/DVD copy was sent to plaintiff but it was

13   inadvertently blank. *See* Dkt. 80. City defendants asserted that, once made aware of the error,

14   they sent a second copy to plaintiff. S*ee* Dkt. 85. Plaintiff now declares in his motion for denial

15   of summary judgment that the second CD/DVD is also blank. *See* Dkt. 86. Plaintiff argues that

16   he has not been able to fully and properly respond to the motion for summary judgment because

17   of his inability to view the video-recorded interview, and thus he is seeking sanctions against

18   City defendants and denial of summary judgment in their favor. Dkt. 86. City defendants have

19   not responded to plaintiff's motion for denial of summary judgment regarding the second blank

20   copy of the CD/DVD, and it appears that they did not review plaintiff's motion prior to filing

21   their reply in support of their motion for summary judgment. *See* Dkt. 89. It is reasonable that

22   plaintiff be able to view the relevant CD/DVD, to properly prepare a response to the City

23

24

defendants' motion for summary judgment. The Court, therefore, finds these circumstances call for Rule 56(d) relief.

## CONCLUSION

The Court grants plaintiff's motion, which is construed as a motion for Rule 56(d) relief. Dkt. 86. Accordingly, the Court directs City defendants to provide plaintiff with a complete, readable CD/DVD copy of the entire video-recorded interview of plaintiff on November 22, 2018, on or before **November 8, 2022**. Plaintiff may file a further response to City defendants' motion for summary judgment (Dkt. 63) on or before **November 22, 2022**. Dkt. 63. The Court notes that plaintiff's response shall only address his current claims, specifically Count IV's Fourth, Fifth, and Fourteenth Amendment claims against defendants Muse, Dier, and Ramos, and his Fourth Amendment claim against defendant City of Tacoma. *See* Dkt. 92. City defendants may file a reply on or before **November 29, 2022**. The Clerk is directed to renote the motion for summary judgment (Dkt. 63) for consideration on **November 29, 2022**.

Dated this 25th day of October, 2022.

J. Richard Creatura
Chief United States Magistrate Judge