UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL M. MUNYWE,<br><br>           Plaintiff,<br><br>   v.<br><br>SCOTT R. PETERS, *et al.*,<br><br>           Defendants. | CASE NO. 3:21-cv-05431-BJR-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR: December 23, 2022 |

The District Court has referred this 42 U.S.C. § 1983 civil rights action to Chief United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3 and MJR4.

This matter is before the Court on plaintiff's "request for entry of default judgment" against City defendants—a request that the Court interprets as a motion for entry of default and default judgment under Federal Rule of Civil Procedure 55. *See* Dkt. 106. The undersigned recommends denying plaintiff's motion because defendants have answered plaintiff's complaint

1  and are defending this suit and have further complied with the Court's order entered on October
2  25, 2022.

3  **BACKGROUND**

4  Plaintiff brought this action under 42 U.S.C. § 1983 alleging various King County law
5  enforcement officials and agencies violated his constitutional rights while he was detained on
6  November 22, 2018, on suspicion of sexual assault of a minor. *See* Dkt. 56. After the District
7  Court dismissed certain defendants and several claims, the case is currently proceeding with
8  certain other defendants and several other claims that defendants violated his constitutional rights
9  when they conducted a cross-gender search of him while he was nude. *See* Dkt. 92. On May 9,
10 2022, City defendants filed a motion for summary judgment arguing that plaintiff has not alleged
11 a viable claim and cannot show a constitutional violation occurred during the search. Dkts. 63,
12 71. On July 13, 2022, plaintiff filed the motion for denial of summary judgment, claiming that,
13 since filing their motion for summary judgment, City defendants have twice deliberately sent
14 him blank CD/DVDs, which should contain the entire investigative interview from November
15 22, 2018, at issue in this case. Dkt. 86. The Court liberally construed plaintiff's motion as a
16 motion for relief under Federal Rule of Civil Procedure 56(d), because of an outstanding
17 discovery issue. *See* Dkt. 86. By order issued on October 25, 2022, the Court granted the motion
18 and directed City defendants to provide plaintiff with a complete, readable CD/DVD of the entire
19 video-recorded interview of plaintiff on November 22, 2018. *See id*. On October 28, 2022, City
20 defendants filed declarations with the Court declaring under penalty of perjury that two true and
21 correct copies of the relevant CD/DVD were mailed to plaintiff on October 26, 2022. *See* Dkts.
22 104, 105. On November 18, 2022, plaintiff filed the instant motion for default judgment,
23 requesting judgment be entered against City defendants and that plaintiff be awarded the amount
24

1  of $4,500 plus interest. *See* Dkts. 106, 107. Plaintiff argues that, because the Court granted his
2  motion for relief under Rule 56(d), it should now impose monetary sanctions against City
3  defendants. *See* Dkts. 107, 109. City defendants oppose the motion, contending that they are not
4  in default due to their clear intent to defend this suit. Dkt. 108. Plaintiff has replied (Dkt. 109),
5  and the motion for default judgment is now ripe for consideration.

## DISCUSSION

7   A plaintiff may move for entry of default and default judgment if a defendant fails to
8  plead or otherwise defend. *See* Fed. R. Civ. P. 55. It is in the court's discretion to grant or deny a
9  motion for default; however, default is disfavored and "whenever it is reasonably possible cases
10 should be decided upon their merits." *In re Hammer,* 940 F.2d 524, 525 (9th Cir. 1991) (quoting
11 *Gregorian v. Izvestia,* 871 F.2d 1515, 1523 (9th Cir. 1989) (internal quotation omitted)). The
12 entry of default judgment is a drastic step that a court should decline to take if defendants show
13 intent to defend. *See generally Wilson v. Moore & Assocs.,* 564 F.2d 366, 369 (9th Cir. 1977);
14 *see also Chevalier v. Sutter Hotel*, No. C-07-0401 MMC, 2008 WL 618919, at *1 (N.D. Cal.
15 Mar. 5, 2008) (declining to enter default judgment when defendant submitted its responsive
16 pleading eight days beyond the prescribed deadline).

17   Here, in response to the filing of plaintiff's complaint, City defendants have appeared,
18 denied the allegations in plaintiff's complaint both in an answer and a pending motion for
19 summary judgment, and have been defending this suit. *See* Dkt. Further, City defendants
20 promptly complied with the Court's October 25, 2022, order directing them to resolve the
21 pending discovery dispute regarding the CD/DVD of plaintiff's November 18, 2022, video-
22 recorded interview with law enforcement. *See* Dkts. 104, 105. From a review of the record in this
23 case, the Court concludes that City defendants have demonstrated their intent to defend. Entry of
24

default and default judgment would deprive City defendants of the opportunity to defend the case on the merits. Therefore, the Court recommends denying plaintiff's motion for default judgment against City defendants.

## CONCLUSION

Plaintiff's motion for default judgment (Dkt. 106) should be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **December 23, 2022**, as noted in the caption.

Dated this 6th day of December, 2022.

J. Richard Creatura
Chief United States Magistrate Judge